IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUDRIE L. COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-1145-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Audrie L. Coleman seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

## Background

Plaintiff alleges that she is disabled as a result of bipolar disorder and depression. *See* Administrative Record [Dkt. No. 14] ("Tr.") at 297. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Two hearings were held. The first hearing was held on January 11, 2010, and a supplemental hearing was held on August 16, 2010. At the time of the hearings, Plaintiff was 20 years old. It is unclear from the record whether Plaintiff graduated from highschool or completed the 11th grade. Plaintiff has past work experience as a fast food worker, housekeeper, attendant at a self-service store,

and stock clerk. Plaintiff has not engaged in substantial gainful activity since February 26, 2009.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from bipolar disorder, anxiety disorder, and schizoaffective disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform work at all exertional levels with certain non-exertional limitations but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing production work that is light and unskilled, such as bench assembler – jobs that exist in significant numbers in the national economy. Given her age, education, and exertional capacity for work at all exertional levels with non-exertional limitations, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines.

Plaintiff appealed that decision to the Appeals Council. The Council denied Plaintiff's request for review.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that the ALJ erred in relying on vocational expert testimony in determining that Plaintiff retains the ability to perform other work existing in significant numbers in the national economy.

The Court determines that the hearing decision is affirmed in all respects.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the

national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff contends that the ALJ erred in relying on vocational expert ("VE") testimony in determining that Plaintiff retains the ability to perform other work existing in significant numbers in the national economy. Specifically, Plaintiff asserts that the job of bench assembler, which requires a reasoning level of two per the *Dictionary of Occupational Titles* (the "DOT"), is inconsistent with the ALJ's residual functional capacity finding ("RFC") that Plaintiff "has the ability to understand, remember, and carry out simple instructions." Dkt. No. 19-1 at 4 of 7.

The ALJ determined Plaintiff's RFC as follows: "[C]laimant has the ability to understand, remember, and carry out simple instructions. She has no impairments in making judgments that are commensurate with the functions of unskilled work. However, she would work best by working on her own. She would be able to deal with changes in a routine work setting. She would need a structured environment." Tr. at 26. The ALJ stated that Plaintiff could work at all exertional levels, subject to nonexertional limitations. *See id.* The ALJ, accepting the testimony of the vocational expert, determined that Plaintiff could perform production work, which is light and unskilled, such as bench assembler. *See id.*

The Court must first determine whether the VE's testimony that Plaintiff, who has the ability to understand, remember, and carry out simple instructions, can perform the job of bench assembler conflicts with the DOT, which provides that this

job requires a reasoning level of two. *See Johnson v. Astrue*, No. 11-3030, 2012 WL 5472418, at *10 (E.D. La. Oct. 5, 2012). If there is a conflict, the Court must decide whether it is direct or apparent, which might require a remand for the Commissioner to resolve the unexplained conflict. *See id.* If there is no direct or apparent conflict, the Court must determine whether there is an indirect or implied conflict and, if so, whether Plaintiff's failure to question the VE about the conflict at the hearing precludes Plaintiff from appealing to the Court on the basis of the conflict. *See id.*

A number of district courts within the Fifth Circuit, as well as appellate and district courts outside the Fifth Circuit, have already determined that there is no direct or apparent conflict between an RFC limiting a plaintiff to "simple" instructions and VE testimony that a plaintiff may perform work at a reasoning level of two. Indeed, the weight of the authority supports a determination that Plaintiff could perform work with a reasoning level of three. *See id.* at 11 (collecting cases and determining that Plaintiff, limited to "simple, repetitive and routine tasks" could perform work with a reasoning level of three); *Melton v. Astrue*, No. 2:11-cv-157, 2012 WL 1004786 (N.D. Miss. Mar. 26, 2012) (no conflict in VE testimony that plaintiff, who was limited to "simple, routine, repetitive tasks involving simple work related decisions," could perform work with a reasoning level of two); *Fletcher v. Astrue*, No. 5:09-cv-70, 2010 WL 1644877, at *4 (N.D. Tex. Mar. 31, 2010) ("Courts have acknowledged that the ability to perform non-complex work is consistent with reasoning level two."); *see also Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (noting that level two reasoning appears consistent with a limitation to simple, routine work).

The undersigned is persuaded by the applicable authority that unskilled work at the reasoning level of two is not inconsistent with Plaintiff's RFC and that there is therefore no direct or apparent conflict between the VE's testimony and the DOT.

To the extent there is any implied or indirect conflict between the VE's testimony and the requirements of level two reasoning for the job of bench assembler, the ALJ may rely upon the VE's testimony so long as the record reflects an adequate basis for doing so. *See Johnson*, 2012 WL 5472418, at *13 (citing *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000)). Plaintiff has not contested any of the ALJ's factual findings at the first four steps of the sequential evaluation, including the ALJ's RFC determination. The VE testified that the hypothetical claimant could perform the job of bench assembler with the limitations imposed by the ALJ. The ALJ cited Social Security Ruling ("SSR") 00-4p and found that the testimony was consistent with the DOT. *See* Tr. at 27.

At the hearing, Plaintiff's attorney questioned the VE but did not do so as to any issue related to the purported conflict now before the Court. *See id.* at 49. In these circumstances, Plaintiff cannot challenge in this Court any implied or indirect conflict that she failed to raise at the hearing. *See Carey*, 230 F.3d at 146; *Pineda v. Astrue*, 289 F. App'x 710, 714 (5th Cir. 2008); *Johnson*, 2012 WL 5472418, at *15 (citing cases); *Slaughter v. Astrue*, 857 F.Supp. 2d 631, 646 (S.D. Tex. Mar. 8, 2012) ("Plaintiff had the burden to prove he could not perform the jobs set out by the vocational expert.").

Accordingly, Plaintiff has failed to demonstrate that the ALJ erred in relying on the VE's testimony in determining that Plaintiff retains the ability to perform light, unskilled production work.

## Conclusion

The hearing decision is affirmed in all respects. Plaintiff's Motion for Summary Judgment [Dkt. No. 19] is DENIED, and Defendant's Motion for Summary Judgment [Dkt. No. 20] is GRANTED.

DATED: September 25, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE